NORTON, appellant, v. MALLORY *et al.*

*Trusts — resulting trusts. Parol evidence of.*

A mother, at the solicitation of her son and only heir, conveyed to such son a quantity of land upon condition that he would, at her death, convey to his son, then four years old, forty-one acres, of which she retained the title; shortly after which she died intestate. Two years after, the father being insolvent, conveyed the forty-one acres to his son. *Held*, (1) that a trust resulted in favor of the son by implication of law; that such trust was valid by 2 R. S. 728, § 50, and the equities of the *cestui que trust* were superior to those of any creditor of the trustee; and (2) that such trust could be proved by parol.

APPEAL from a judgment of the Schuyler special term dismissing plaintiff's complaint with costs. The action was brought by John

Norton v. Mallory.

B. Norton, against Russell B. Mallory and Fred. E. Mallory, an infant, to set aside as fraudulent, a conveyance of land made by Russell B., to Fred. C., his son.

Sarah Mallory was the mother of defendant Russell B. Mallory, and grandmother of defendant Fred. E. Mallory, who is the son of Russell B. Mallory. In 1868, Sarah was the owner of a considerable interest in real estate in connection with her son Russell. Russell desired her to unite with him in the sale of such lands, and allow him to have and enjoy absolutely the proceeds of such sale for his own use and benefit. It was finally agreed that this should be done, upon condition that Russell, who was her only heir at law, should, at her death, convey a lot of forty-one acres of land which she owned absolutely, and was not to sell, to his son, the defendant, Fred. E. Mallory, then an infant about four years old. The sale of all the lands except the forty-one acres was accordingly made and Russell received and retained all the proceeds. In September. 1868, Sarah Mallory.died intestate, leaving the defendant, Russell, her only child and heir at law, whereby he became possessed of an apparent title in fee simple to said forty-one acres by inheritance.

In November, 1870, the said Russell, being then in embarrassed or insolvent condition, he and his wife joined in the conveyance of said forty-one acres of land to his son, the defendant, Fred. E. The deed was recorded November 26, 1870. The judge finds that such conveyance was made in pursuance of the agreement with his mother, and in good faith, without any intent to cheat or defraud his creditors or hinder or delay them in the collection of their debts, but with the intent that such deed should precede the plaintiff's judgment hereinafter referred to, and prevent such judgment from becoming a lien upon said lands. After the recording of said deed, the plaintiff recovered judgments against Russell B. for about $1,000, in all, upon an indebtedness from said Russell B. to plaintiff, existing in April, 1870. Such judgments were duly docketed in Schuyler county, where said lands were situate, and executions thereon were returned unsatisfied as to a large portion thereof. This action was then brought by the plaintiff to set aside such conveyance and charge said lands with the payment of such judgments.

Upon the trial, the facts were found substantially as above set forth, and plaintiff's complaint dismissed, upon the ground that

Fred. E. was in equity entitled to such conveyance, and that it was not in fraud of plaintiff.

*Daniel Ball* and *Scott Lord*, for appellant.

*John J. Van Allen*, for respondents.

BOARDMAN, J.  Prior to the Revised Statutes, no doubt can exist that the arrangement between Russell and his mother would have created a valid trust.  " The most simple form in which an implied trust can be presented is that of property delivered by one person to another, to be by the latter delivered over to or for the benefit of a third person." 2 Story's Eq. Jur., § 1196.  " If there be either a good or valuable consideration, equity will raise a use or trust corresponding to such consideration." Id., § 1197.  See, also, id., § 1210.  Such trusts are treated as implied or created by operation of law, and are not affected by the provisions of the Revised Statutes. 2 R. S. 728, §§ 50, 51, 52 and 53.  The case under consideration is not a resulting trust in favor of creditors, under section 52, because the plaintiff is not a creditor of the person paying the money.  She paid the consideration to Russell, who, by her death, took the title to the land in question under a contract by which he held the legal title in trust for and subject to the equitable title of his son.  By the 50th section, trusts arising or resulting by implication of law are not abolished.  The trust in this case is of that character, and is valid.

The evidence justified the court below in finding the existence of the agreement under which the trust arises.  The agreement and payment of the consideration being so found, upon sufficient evidence, the consequences are inevitable.  It would be inequitable and unjust that Russell should have the consideration derived from the sale of his mother's lands for the payment of his debts, and that his creditors should still be at liberty to take the property in dispute devoted by the mother to an entirely different purpose.  The creditor would thus have a double fund out of which to secure his debt.  The second fund would be one not justly applicable to the payment of the debt or equitably belonging to the debtor, but in fairness and good conscience, belonging to Fred. E. under the agreement.  Fred. E. was and is an infant of such tender years as to be incapable of understanding or assenting to the arrangement between

his father and grandmother. But as the agreement was beneficial to him, the court will presume his assent and acceptance of the property under the deed. This case is stronger for the beneficiary than that of *Sieman* v. *Austin*, 33 Barb. 9, affirmed in *Siemon* v. *Schurck*, 29 N. Y. 598, where the creditor's judgment was recovered and became a lien upon the trust property before the conveyance of the trustee to the *cestui que trust*. In other respects it is very similar. In that case it was held that the Revised Statutes relating to uses and trusts were inapplicable, and that the common law governed the rights of the parties. The same view is taken in 4 Kent's Com. 307. " If a trust be created for the benefit of a third person without his knowledge, he may, when he has notice of it, affirm the trust and call upon the court to enforce the performance of it." It is also held in *Sieman* v. *Austin*, *supra*, that the prohibition of section 51 of a trust resulting to the person paying the consideration does not apply to a resulting trust for the benefit of a third person. Such conclusions must be still more clear when such person as in this case was not of an age to know of or assent to the act by which the title vests in the trustee. The authorities are quite conclusive that a trust of the character claimed in this case may be created, and that when created, the equities of the *cestui que trust* are superior to those of any creditor of the trustee, except perhaps an incumbrancer who has parted with his money upon the security of the property without notice of prior equities.

It is claimed by the appellant that a trust cannot be created by parol. The 2 R. S. 135, § 6, prohibits the creation of trusts except by act or operation of law or by writing, etc. The next section (7th) provides that the 6th section shall not be construed " to prevent any trust from arising by implication or operation of law." Such trust may be proved by parol, provided they flow from acts, relations, situations and conditions of the parties, impressing property with trust character, and imposing upon the party holding property, the obligations of a trustee toward the beneficiary. *Foote* v. *Bryant*, 47 N. Y. 544; Perry on Trusts, § 137.

Conceding the findings of the court below to be right (and there is no evidence from which a doubt can arise), the case was properly disposed of. The suggestions of danger from such secret trusts, and from perjury, in establishing them, are pertinent and forcible, but are properly addressed to the court of original jurisdiction. Having produced conviction there, and being in no respect incredible,

impossible or contradicted, this court would not be justified in disregarding or disbelieving such evidence.

I am inclined to the belief that Davis' testimony was admissible upon the question of Russell's good faith in making the deed to his son. But, if it were not, there is abundant and uncontradicted evidence without it, to sustain the conclusions of the court below. In equity cases, errors in the reception of evidence will not be regarded when it is apparent they could not have affected the result. *Foote* v. *Bryant*, 47 N. Y. 544, 551; *Rundle* v. *Allison*, 34 id. 180, 184; *Ashley* v. *Marshall*, 29 id. 494, 502.

If these views are correct, the judgment should be affirmed, with costs.

*Judgment affirmed.*